UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN ROCHA PARRA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 2:26-cv-00711-DC-CSK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter is before the court on Petitioner Sebastian Rocha Parra's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) For the reasons explained below, the court will deny Petitioner's motion for a temporary restraining order.

**BACKGROUND**

**A.     Factual Background**

Petitioner Sebastian Rocha Parra is a native and citizen of Colombia. (Doc. No. 1 at 4.) Petitioner entered the United States on February 15, 2024. (*Id.*) Since his entry, he has not been convicted of any criminal offense and has no criminal record. (*Id.*)

On December 6, 2025, Petitioner was detained by U.S. immigration authorities and placed in civil immigration detention. (*Id.*) Petitioner is currently detained at the California City

1

Correctional Center in California City, California. (*Id.*)

On December 24, 2025, Petitioner was "pressured and effectively coerced" into signing documents relating to his voluntary departure. (*Id.*; Doc. No. 7-2.) Petitioner alleges that he signed the voluntary departure documents "under duress, without any meaningful understanding of the rights [he] was allegedly waiving." (Doc. No. 1 at 4.)

Respondent alleges that following his detention, Petitioner requested voluntary departure so that he could be returned to Colombia. (Doc. No. 7 at 2.) Respondent alleges that an immigration judge granted Petitioner's request for voluntary departure on February 3, 2026, and gave Petitioner until March 5, 2026, to return to Colombia. (*Id.*) Respondent also alleges that, due to Petitioner's failure to voluntarily depart the United States, his alternate removal order has become final. (*Id.*) Respondent further alleges that Petitioner did not file a motion to reopen or appeal the voluntary departure order as is permitted by the Immigration and Nationality Act ("INA").

**B.      Procedural Background**

On March 5, 2026, Petitioner, proceeding *pro se*, filed his habeas petition asserting the following claims against Respondent Warden of the California City Correctional Center: (1) violation of the INA relating to Petitioner's detention without a bond hearing; and (2) violation of the Due Process Clause of the Fifth Amendment relating to Petitioner's continued detention. (Doc. No. 1 at 7–8.) In his petition, Petitioner seeks an order declaring his continued detention unlawful, requiring his immediate release, or in the alternative, a prompt bond hearing at which his eligibility for bond must be considered, and awarding him attorney's fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 8–9.) On that same day, Petitioner filed the pending motion in which he seeks the same relief based on the same arguments presented in his petition. (Doc. No. 2.) Also on that day, the court issued an order setting a briefing schedule and directing Respondent to differentiate Petitioner's claim from two similar cases the court recently addressed in *Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) and *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026).

On March 9, 2026, Respondent filed his opposition arguing that Petitioner's claim is distinguishable from *Alvarez Maciel* and *Barajas Ortiz* because "Petitioner has a final removal order that subjects him to mandatory detention in accord with 8 U.S.C. [§] 1231." (Doc. No. 7 at 1.) Petitioner has not filed a reply, and the deadline for him to do so has expired. (*See* Doc. No. 5.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

3

**DISCUSSION**

**A.     Likelihood of Success on the Merits**

Petitioner contends that he is subject to discretionary immigration detention under 8 U.S.C. § 1226(a), and that he is entitled to a bond determination hearing pursuant to that statute. (Doc. No. 2 at 4–5.) Respondent argues that Petitioner became subject to a final order of removal on March 5, 2026, when he failed to voluntarily depart the United States, and that pursuant to his final order of removal, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (Doc. No. 7 at 2–3.) That section requires that DHS remove a noncitizen subject to a final order of removal within ninety days (the "removal period"). 8 U.S.C. § 1231(a)(1)(A). The removal period begins when the order of removal becomes administratively final. *Id.* § 1231(a)(1)(B). The noncitizen is subject to mandatory detention during the removal period. *Id.* § 1231(a)(2)(A). Thus, Respondent contends that Petitioner became subject to a final order of removal on March 6, 2026, after he failed to depart the United States per his voluntary departure agreement. (Doc. No. 7 at 2.)

Respondent submits with the opposition a copy of the order of the immigration judge granting Petitioner's request for voluntary departure. (Doc. No. 7-2 at 7–9.) That order confirms that if Petitioner "fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and . . . [he] shall be removed to Colombia on the charge(s) set forth in the Notice to Appear." (*Id.* at 7.) Because Petitioner did not file a reply in support of his motion for a temporary restraining order, he does not rebut Respondent's contention that he is subject to a final order of removal and is therefore mandatorily detained pursuant to 8 U.S.C. § 1231(a). Thus, Petitioner has not demonstrated a likelihood of success on the merits of his claim that he is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing under that section.

Further, while Petitioner alleges that he was coerced into entering into the voluntary departure agreement, Respondent notes that he was free to withdraw his voluntary departure request at any time before the voluntary departure period expired. *Dada v. Mukasey*, 554 U.S. 1, 21 (2008). Petitioner does not indicate why he elected not to do so in his petition or motion. Thus,

4

Petitioner's assertion that he was unlawfully coerced into entering into a voluntary departure agreement does not suffice to show that he is likely to succeed on the merits of his habeas claims.

Accordingly, the court will deny Petitioner's motion for a temporary restraining order.

## CONCLUSION

For the reasons explained above,

1.    Petitioner Sebastian Rocha Parra's motion for a temporary restraining order (Doc. No. 2) is DENIED; and

2.    This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **March 26, 2026**

Dena Coggins
United States District Judge

5