UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN ROCHA-PARRA (A-245-820-201),<br><br>            Petitioner,<br><br>      v.<br><br>WARDEN, CALIFORNIA CITYCORRECTIONAL CENTER, et al.,<br><br>            Respondents. | No.  2:26-cv-0711 DC CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Sebastian Rocha-Parra (A-245-820-201), a native and citizen of Columbia, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  Petitioner argues that his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority under 8 U.S.C. § 1226.  (Id. at 7-8 (claims one and two).)  For the following reasons, this Court recommends that the petition be denied.

I.      **LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

---

[1]  Petitioner proceeds without counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    DISCUSSION[2]**

On March 27, 2026, the district court denied petitioner's motion for a temporary restraining order, finding that petitioner failed to explain why he did not move to withdraw his voluntary departure request before the voluntary departure period expired.  (ECF No. 8 at 4 (citing Dada v. Mukasey, 554 U.S. 1, 21 (2008)).)  The district court also referred this matter to the undersigned.  (ECF No. 8 at 5.)  On March 30, 2026, this Court ordered briefing on the petition; on April 1, 2026, respondents filed an answer.  (ECF Nos. 9, 10.)  On April 6, petitioner's copy of the March 30, 2026 order was returned as undeliverable.  Petitioner's optional reply was due by April 13, 2026, and was not filed.  (See Docket.)  As discussed below, this Court recommends that the petition be denied.

In their answer, respondents reiterated that petitioner has a final removal order that subjects him to mandatory detention under 8 U.S.C. § 1231.  (ECF No. 10 at 1 (Answer).)  Petitioner did not file a reply to the opposition to the motion for temporary restraining order, or to respondents' answer.  Respondents earlier provided a copy of the immigration judge's February 3, 2026 order noting petitioner applied solely for voluntary departure in lieu of removal and waived appeal of all issues, and the immigration judge granted petitioner's pre-conclusion voluntary departure under Immigration and Nationality Act Section 240B(a), in lieu of removal.  (ECF No. 7-2 at 7.)  In his habeas petition, petitioner claims his request for voluntary departure

---

[2]  The factual and procedural background previously presented in the district judge's March 27, 2026 order is incorporated herein.  (See ECF No. 8 at 1-3.)

was coerced.  (ECF No. 1 at 4.)  Petitioner presented no evidence that he sought to withdraw his request for voluntary departure, and he waived his right to appeal the immigration judge's decision granting the request.  (ECF No. 7-2 at 8.)  Because more than thirty calendar days have passed since the entry of the immigration judge's order on February 3, 2026, petitioner's voluntary departure withdrawal, and petitioner's voluntary departure deadline of March 5, 2026, that order of removal is final.  8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]").)

The Supreme Court explained this procedure:

> We hold that, to safeguard the right to pursue a motion to reopen for voluntary departure recipients, the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen. As a result, the alien has the option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion.  If the alien selects the latter option, he or she gives up the possibility of readmission and becomes subject to the IJ's alternative order of removal. The alien may be removed by the DHS within 90 days, even if the motion to reopen has yet to be adjudicated. But the alien may request a stay of the order of removal, and, though the BIA has discretion to deny the motion for a stay, it may constitute an abuse of discretion for the BIA to do so where the motion states nonfrivolous grounds for reopening.

Dada, 554 U.S. at 21.  Thus, petitioner is subject to a final removal order, and as a result, his detention is now governed by 8 U.S.C. § 1231.

Petitioner argues that his agreement to voluntary removal was made under duress and coerced.  (ECF No. 1 at 4.)  Essentially, petitioner contends that this district court has the authority in habeas proceedings under 28 U.S.C. § 2441 to vacate the immigration judge's removal order because that order was issued only due to petitioner being under duress.  Petitioner cites no legal authority for his argument, instead relying on due process arguments.  (ECF No. 1, passim.)  The Ninth Circuit has held that under 8 U.S.C. § 1252, the district court lacks jurisdiction to hear indirect challenges to a removal order.  See Martinez v. Napolitano, 704 F.3d 620, 622-23 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the

procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by [§] 1252(a)(5).").  Here, the relief petitioner seeks would necessarily require the district court to find that the removal order issued in his case is invalid.  This district court lacks jurisdiction to enter that relief.  See Estrada v. Holder, 604 F.3d 402, 408 (7th Cir. 2010) ("If [the petitioner] obtains the relief he seeks, the order of removal entered by the IJ and affirmed by the BIA . . . would necessarily be flawed. . . .  the district court properly dismissed [the petitioner's] complaint for lack of subject-matter jurisdiction.") (cited with approval by Martinez, 704 F.3d at 623).[3]

### III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/roch0711.157.2241.imm

---

[3] "A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231."  Baires v. Lynch, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Because this Court has determined that petitioner is now properly detained pursuant to 8 U.S.C. § 1231, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process.  See Aguilar Garcia v. Kaiser, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).